SUTIN, Judge (specially concurring). I concur but add the following thoughts. The Opinion’s analysis of whether Defendant properly invoked the state constitution indirectly permits a result without having to outright reject present preservation jurisprudence. It is too bad that we must resort to this indirect approach to reach a just result. I fully agree with what the Opinion states in its footnote 2. It is time to hold that in search and seizure cases our courts will automatically examine whether relief under Article II, Section 10 of the New Mexico Constitution should be available whenever it appears that relief is unavailable under the Fourth Amendment. Insofar as the questioning about grenades, rocket launchers, and dead bodies is concerned, no one, neither Deputy Allen or D efendant, nor the metropolitan court, thought that the questioning was intended to relate to whether Defendant may have had such unlawful items in his vehicle. Furthermore, the officer testified that he had learned the questioning technique in “interviews and interrogation school” and that he had used similar types of questions in other traffic stop DWI investigations. Assuming, without deciding, that questioning to ascertain truthfulness in DWI (alcohol or drugs) investigations might under some particular circumstance be a legitimate investigatory process, the failure here was Deputy Allen’s complete failure to lay an adequate foundation in that regard. Again, assuming, without deciding whether questions related to telling the truth in a DWI investigation might be legitimate and not constitute an unlawful expansion of the investigation, it appears to me that an officer would have to show a court that the questioning was grounded in a particular skill, knowledge, experience, education, and perhaps even science, and that the questioning was likely to give an indication of truthfulness that would assist the officer in his or her investigation. JONATHAN B. SUTIN, Judge